DECISION OF DISMISSAL
This case is now before the court on Defendant's Motion to Dismiss, filed March 10, 2008. The record closed August 6, 2008. The appeal is hereby reactivated and the case is dismissed.
 I. STATEMENT OF FACTS
The issue concerns Plaintiffs' claim for Oregon income tax refunds for the 2001 tax year. Plaintiffs did not timely file a personal income tax return by the respective initial due date of April 15, 2002. Defendant received the Oregon return on July 1, 2005. Defendant denied that refund claim.
During the initial case management conference, Plaintiffs mentioned the possibility that they may have had a similar appeal pending with the federal Internal Revenue Service (IRS) for that same tax year. The court allowed sufficient time for them to pursue their claims. On March 18, 2008, Plaintiffs reported to the court that relief had been denied by the IRS.
Plaintiffs stated they had many extenuating circumstances during the interim period which impacted their ability to attend to business affairs. They stated they were unaware of the strict filing deadlines, otherwise they would have filed sooner for the refund. *Page 2 
 II. COURT'S ANALYSIS
Oregon law requires that claims for refunds be submitted within three years of the due date of the return. ORS 314.415(1)[1]. The due date of the original return starts the period running. Plaintiffs' return received on July 1, 2005, was more than three years past the deadline.
Plaintiffs did not show that the IRS allowed a suspension of time to file the refund claim. Such a federal allowance is a prerequisite for similar Oregon treatment. ORS 314.415.(2). Plaintiffs were allowed several opportunities and time extensions to seek that IRS information during the pendency of this appeal.
The Regular Division of this court has ruled on this issue. InWebb v. Dept. of Rev., 19 OTR 20, 21 (2006), it was held that: "* * * state statute(s) of limitations leaves taxpayer no state remedy unless the department is estopped from asserting the bar of ORS314.415(1)(b)(A)." Here, Plaintiffs make no claim of misleading advice by Defendant prior to filing.
Although this finding may appear unfair, it is consistent with other similar cases decided by this court. Tirrill v. Dept. of Rev., TC-MD No 040694A (Aug 9, 2004) and Stubbs v. Dept. of Rev., TC-MD No 041047D (Mar 2, 2005).
 III. CONCLUSION
IT IS THE DECISION OF THE COURT that the appeal is dismissed.
Dated this ____ day of September 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2003. *Page 1